We'll move on to the final case to be argued this morning Watkins v. New York City Transit Authority Yes, good morning. May it please the court Steven Bergstein for the plaintiff state Hold on one second. Let me just confirm that miss Kaufman is on the line Miss Kaufman, okay All right, mr. Burstein you can The district court precluded the jury from considering evidence that supported the plaintiff's hostile work environment claim In particular we're talking about the incident that took place near the end of plaintiff's employment on February 21 2016 in which plaintiff's co-worker harassed her and threatened her during an outdoor training exercise Since this co-worker was the same person who had previously racially harassed the plaintiff the jury should have been able to hear the Subsequent round of harassment and threats that took place in February 2016 This this the exclusion of this evidence Denied the plaintiff a fair trial on her racial harassment claim under session 1981 and the New York City human rights law Since this evidentiary ruling informed the jury instructions and prevented the plaintiff from fully litigating her claim This evidence could have tipped the scales in plaintiff's favor and this court should order a new trial The abuse of conduct on February 21 by co-worker Jenkins was a continuation of the harassment that had begun previously against the plaintiff And it wasn't so far removed from the prior round of harassment That the jury could not consider it as part of the totality of the circumstances that typically guide hostile work environment claims under section 1981 and the New York City human rights law just just to be clear the jury was Allowed to hear about the incident, but but there was a limiting instruction Limiting the use of the evidence. Is that right? Yes, the judge the trial court told the jury that certain quote areas There are three areas that are not part of plaintiff's claim one the February 21 2016 incident between plaintiff and Ms. Jenkins So the jury heard it because it came into the record that at some point following extended colloquy the judge decided it was not relevant to the plaintiff's claim and Our point is that it is relevant to the plaintiff's claim for purposes of determining the totality of the circumstances And it wasn't so far removed from the prior harassment that it couldn't have been part of the same Continuum, it was only a couple there anything about that incident to suggest that race was a factor I don't think it was as explicitly racial as the prior round of harassment on but but Jenkins Continued to treat plaintiff the way she implicitly racial was it implicitly racial if non-explicit It's implicitly racial because it's the same person who previously had made Explicitly racial comments toward the plaintiff and it was in the same vein as the prior comments breaking threats harassing her You know, she's in physical jeopardy. It's the same person. This court has held that you can have race neutral Conduct can still comprise or still make up a hostile work environment claim so long as you can connect it to somebody who is making Explicitly racial statements or conduct earlier in the employment relationship and we have the same co-worker here Jenkins So the fact that the later round of harassment is not explicitly racial like it was previously That doesn't mean the jury can't consider it So in denying the motion for a new trial the district court, it seems to us Weighed the evidence the district court said well the jury could have simply credited the transit authorities version of the facts What evidence did what evidence did you have of? deportment awareness of the racial motivation of the of the person who is the antagonist Jenkins The evidence of that is that most of these comments took place in the classroom she was working for transit authority, but they were training and These comments were made in the presence of the plaintiffs instructors and then after the February 21 2016 incidents Plaintiffs sat down with Miss Gibbs and told her what was going on And she said I'm being your plaintiff never complained about them Did she you never complained to the to the department to the authority about the racist? Antagonism of Jenkins not formally But her supervisors knew about it And that's the equivalent of a formal complaint so long as you know about the racial harassment you have to act on it And then a plaintiff did formally complain about it in February 26. What's your evidence that they knew about it? The plaintiff testified that her professors were in the room when Jenkins was making all of these racial comments in the room in the room I mean Everybody who's in a room knows everything that said in the room well during a classroom instruction Jenkins was speaking out in the presence of Instructors, I mean the classrooms were not the size of you know Yankee Stadium they were there were classrooms be the instructors the inferences instruct the instructors heard it and did nothing about it and and You know but the plaintiff did explicitly tell Miss Gibbs about the comments and After the February 21 2016 incident and gives its whole plaintiff Basically, I don't believe but the jury the jury heard that evidence right and and and rejected it so the question really is That with respect to the alleged error the trial courts giving of the limiting instruction How is that an abusive discretion or how does that? affect The plaintiff substantial rights here Well, because the jury didn't hear the totality of the racial harassment to which she was subjected this court holds that you consider the the whole employment experience in determining whether a racial harassment exists on the section 1981 or the Plaintiff was treated differently under the city law and when you're knocking out evidence of racial harassment Telling the jury they can't consider it in Evaluating the plaintiff's case then the jury is not being instructed to examine the case consistent with this court's standards of looking at the employment relationship as a whole the jury didn't hear the whole story and they were told they couldn't hear the whole story and You know for this reason the plaintiff's substantial rights were violated because the evidentiary ruling was inconsistent with settled Second-circuit cases about how we examine cases like this So for these reasons this court should remand for a retrial so the jury can hear the case The way these cases are supposed to be heard Thank you, thank you, we'll hear from his coffin Thank you, just chin I may please the court And good morning Judges Walker Laval and chin. I'm Beth Kaufman of Schumann up by Kaufman and Gerber And I represent the appellee New York City Transit Authority today I'll get to some of the questions that you asked At my opposing counsel momentarily judge, but but let me just start out with the district court properly excluded Evidence of the February 26 altercation and subsequent events as Properly instructed the jury in a way that was clear and consistent with its in limine ruling in its 29 page opinion in order denying school 59 motion the district court provided a thorough analysis of the summary judgment decision that supported the in limine ruling the evidentiary rulings during The four-day trial a trial held on what the district court said was the sole remaining issue of whether the transit authority Had allowed a hostile work environment to exist during plaintiff's training Will consistent with the summary judgment decision? in its order on the 59 motion the court reviewed extensively the evidence at trial and And also reviewed its instructions to the jury After finding that plaintiff's contention on that motion that this was a close case alleging a racially hostile work environment to be wrong The court concluded that the evidence at trial was not remotely close Noting that of the seven percipient witnesses called at trial including two of the fellow students in the classroom who were called by the plaintiff and The instructors who were in the the classroom all of them day in and day out Testified that what plaintiff said happened in that classroom did not happen The court even noted the fundamental discrepancies in plaintiff's own testimony including her Exaggeration of the time period during which the alleged harassment occurred the in limine ruling and the evidentiary rulings that followed Were not an abuse of discretion and were entirely proper this court should defer to that Plaintiff's complaint did not include the February 21 2016 altercation as part of her hostile work environment claims Plaintiff's brief on summary judgment did not include altercation as part of her hostile work environment claims the district courts statement on The summary judgment motion of what plaintiff's hostile work environment claim was Did not include the February 21 26 altercation It included it only as part of the retaliation claim, which was dismissed It was not in plaintiff's statement of her case in the joint trial order before Judge Ramos It was not in plaintiff's statement as to what her claim was in her proposed wadiyah The altercation and Subsequent events were always only a part of plaintiff's retaliation claims under federal and city law And they were removed until the authority was awarded summary judgment by the district court By excluding evidence of the altercation and subsequent events the district court properly prevented plaintiff from Improperly resurrecting her already dismissed retaliation claims The district court properly found that a hostile work environment claim is not a vehicle for resurrecting barred claims of retaliation and Plaintiff could not shoehorn the race neutral altercation and ensuing investigation into her separate hostile work environment claim indeed in its Which is Special appendix page 1 at page 18 The district court notes that plaintiff also concedes as she plainly must that there was nothing explicitly racial About Jenkins's outburst on the night of February 21. We have revisionist history here Your honor the record is clear and that can be found in Plaintiff's brief on the post trial motion. Dr. ECF number 107 at page 12 This The court goes on to say this as discussed further below coupled with the fact that the incident was arguably Instigated by plaintiff as a result of her turning the train on prematurely Calls into question her assertion February 21 incident was a Continuation of Jenkins's obsession with plaintiff's skin color We should talk briefly about that incident. The incident occurred as part of a training exercise Plaintiff and Ms. Jenkins had not in fact been in their probationary training together for two months before that evening and indeed as plaintiffs testified at trial there had not been five months of harassing and Allegedly discriminatory comments made to her in the classroom with everyone else in the classroom denied Ms. Watkins got into the train Turned on the train which immediately had the sealed headlights of the train Shine directly in Ms. Watkins's face Excuse me, Ms. Jenkins's face since Jenkins was on the train tracks right in front of the train Turning those sealed beams on the record establishes let someone on the track know that that train is about to start to move Ms. Jenkins was angry. Ms. Jenkins was upset and she came in and complained about that To Ms. Watkins and Ms. Watkins complained back to her Nothing about racial remarks indeed Ms. Watkins Testified that she related any of that exchange back to any alleged discriminatory conduct when she After the fact when she spoke to their supervisors or instructors She didn't she claimed she told them that there had been discriminatory race-based remarks Made to her that was all denied by those two supervisors instructors she filed a Incident report not one word about race-based comments ever being said to her by Ms. Jenkins She did say in that report that there were disrespectful comments and condescending remarks last five months Two of which they had never even seen each other during they did not work together. They were in different training locations She complained she said she testified that She there were racial slurs Again there was nothing No racial slurs provided to the head of the training Ms. Gibbs. She testified to that Before 18 or 19 I believe that My adversary Incorrectly stated this court's decision in the Alfano case regarding the totality of the circumstances In fact as you said as the court stated in Alfano that facially neutral incidents may be included of course among the totality of the Incidents Based on sex that's what that was that issue in Alfano We would substitute the word race for sex here but this requires some Circumstantial or other basis for inferring that incidents sex neutral on their face were in fact discriminatory Judge Ramos Properly found it on the summary judgment decision that this claim was not part of there was no abuse of discretion in his ruling on the motion eliminate or in his evidentiary rulings that followed it at trial and the jury instruction was not erroneous it did not provide an question or adequate inadequate understanding of the war of the law Would it be put would it be proper for us to at once at the same time draw the inference that? Jenkins's conduct at the April at the February 21 incident was race-based While the while there's nothing that while the the conduct of the of the authority the conduct of the employer was not Judge absolutely there was no evidence whatsoever that Met the standard either under federal law or city law to hold the transit authority It's perfectly reasonable to assume that if Jenkins has done all the things that she's alleged to have done previously She's still harboring that same race-based analysis when she screams Even if she had some justification on February 21, but that's a different question from attributing it to the employer That's absolutely correct judge and as I'm sure the court knows both miss Watkins and miss Jenkins Were fired fired very shortly after this altercation for by the violating Regarding And that was a direct result of the altercation in fact the instructors And the fellow students all testified that if if what miss Watkins was describing happened in the classroom Their failure to report that to the transit authority would have been a basis for firing them and So there's really no evidence either that corroborating as before other than that would corroborate miss Watkins's own self-serving testimony, but there is absolutely no evidence that would Allow the transit authority to be held held by both. Thank you. Thank you. We'll hear the rebuttal yes, the There is evidence that Management knew because plaintiff testified that they were present when these comments were made and we can't speculate that the jury Believed those witnesses at trial because there were no special interrogatories No, but don't we construe the evidence in favor of the party that won To some extent but we also consider how the evidence that the jury heard might have changed the jury's view of the case We don't know what the jury thought About whether management and and co-workers or classmates heard these comments The jury could have thought it but decided that there wasn't a severe or pervasive claim That's what the jury instruction asked the jury to come up with. There's no special interrogatories identifying precisely what the jury Concluded so if there's evidence in the record to support employer liability We can't just assume that the jury rejected that as a matter of fact not on this record The issue of the gap between acts of racial hostility There was a three or four month gap between the two rounds of hostility That's not so long as to preclude a finding of a hostile work environment It's the same person is doing it and the same person is making explicitly racial comments This court had a case about 10 years ago all the Sino 580 F 3rd 73 where there was a two-year gap between the incidents of racial harassment and it was still Relevant to to make out a hostile work environment claim. That's much longer than what happened here The city is essentially speculating that since the plaintiff lost a trial she couldn't have won even with this additional evidence But if we we draw the inference that the latter round of racial harassment was was racially motivated Then then the jury can find in the plaintiff's favor on a retrial Thank you Thank you both the court will reserve Decision the final case is on submission accordingly. I'll ask the deputy to adjourn. Thank you